UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARREN E., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00729-MPB-TAB |
| ) | |
| KILOLO KIJAKAZI Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Darren E. appeals the Social Security Administration's denial of his application for disability insurance benefits. [Filing No. 10.] Plaintiff argues that the Administrative Law Judge erred with her function-by-function analysis of Plaintiff's residual functional capacity because she did not provide any limitation for elevation of Plaintiff's legs. Additionally, Plaintiff claims that the ALJ provided inadequate reasoning to discredit Plaintiff's subjective statements regarding his symptoms, including pain and limitations. However, Plaintiff has not provided evidence that he could not perform the reduced range of light work assessed by the ALJ. Plaintiff's medical records do not support his allegation that he requires leg elevation throughout the workday. No physician opined that Plaintiff needed such a work-related restriction. Moreover, Plaintiff's critique of the ALJ's subjective symptom analysis misstates the ALJ's decision and falls short of supporting remand. Accordingly, Plaintiff's request for remand [Filing No. 10] should be denied.

**II.     Background**

On October 29, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on January 1, 2019. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled. The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2019, the alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, diabetes mellitus, polyneuropathy, chronic obstructive pulmonary disease, and obesity. [Filing No. 8-2, at ECF p. 19.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform a light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), but with the following limitations:

> [Plaintiff] must be allowed to alternate positions between sitting and standing at 30-minute intervals. [Plaintiff] can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally balance on level surfaces. [Plaintiff] can occasionally stoop, kneel, crouch, or crawl. [Plaintiff] must avoid concentrated exposure to fumes, odors, dust, and gasses.

[Filing No. 8-2, at ECF p. 20.] At step four, the ALJ concluded that Plaintiff could not perform any past relevant work. Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that jobs existed in significant numbers in the national

2

economy that Plaintiff could perform, including assembler, inspector, and packager. Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III. Discussion

Plaintiff argues that the ALJ erred by failing to accommodate Plaintiff's need to elevate his legs and in her assessment of Plaintiff's subjective symptoms. The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

#### A. No Limitation for Elevation of Legs

First, Plaintiff argues that the ALJ erred by failing to include an accommodation in his RFC to elevate his legs, despite evidence supporting this need due to severe edema of the lower extremities. [Filing No. 10, at ECF p. 23.] As noted above, the ALJ found Plaintiff capable of performing light work, except he must be allowed to alternate positions between sitting and standing at 30-minute intervals; can occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; can occasionally balance on level surfaces; can occasionally stoop, kneel,

3

crouch, or crawl; and must avoid concentrated exposure to fumes, odors, dust, and gases. [Filing No. 8-2, at ECF p. 20.] Plaintiff claims that the ALJ provided a very limited summary of Plaintiff's allegations, the medical evidence, and the medical opinions of record, and labels the ALJ's assessment as "perfunctory and conclusory." [Filing No. 10, at ECF p. 23.]

However, substantial evidence supported the ALJ's determination that Plaintiff had the RFC to perform a limited range of light work with postural and environmental restrictions, plus the ability to alternate between sitting and standing throughout the day. The ALJ acknowledged Plaintiff's complaints of chronic leg pain that required him to leave work early and take breaks throughout the day. [Filing No. 8-2, at ECF p. 21.] This testimony, as well as the objective evidence indicating Plaintiff had normal gait and posture, full leg strength with no atrophy, and at most mildly abnormal diagnostic imagining, supported the ALJ's conclusion that Plaintiff could perform light work so long as he was allowed to alternate positions every 30 minutes. Plaintiff has not demonstrated the ALJ erred by failing to include an additional restriction for elevating his legs.

Plaintiff does not challenge the ALJ's evaluation of the medical opinions and prior administrative medical findings in her initial brief. The Commissioner pointed out this shortcoming, yet Plaintiff chose not to submit a reply brief addressing any of the Commissioner's arguments. As the Commissioner points out, examining physician Dr. Kurt Jacobs observed no swelling and opined Plaintiff could stand and walk for six hours of an eight-hour day, could sit "most of the time," and could carry up to 20 pounds occasionally. [Filing No. 8-7, at ECF p. 488.] Similarly, reviewing physicians Drs. J.V. Corcoran and Shayne Small found Plaintiff could stand, walk, and sit for up to six hours and carry 20 pounds occasionally, but they found additional postural and environmental restrictions necessary. [Filing No. 8-3, at ECF p. 7-9, 29-

4

32.] The ALJ found Dr. Jacobs' opinion to be generally persuasive and the reviewing physicians' opinions persuasive, while ultimately determining Plaintiff also required an additional sit/stand provision to perform full-time work. Thus, the ALJ assessed more restrictions than any doctor opined in the record, which is further support for the ALJ's assessment. *See, e.g., Gedatus*, 994 F.3d at 904 ("A fundamental problem is [the plaintiff] offered no opinion from any doctor to set sitting limits, or any other limits, greater than those the ALJ set.").

Plaintiff challenges only the ALJ's lack of a limitation requiring leg elevation throughout the workday. But the evidence Plaintiff relies on does not demonstrate error. Plaintiff cites to three treatment notes in the record from physicians that recommended he elevate his legs above his heart to treat swelling. One note was from August 2018, which was four months before the alleged onset date. [Filing No. 8-7, at ECF p. 9.] Another note was in response to Plaintiff's complaints of foot pain, not leg swelling. [Filing No. 8-7, at ECF p. 298.] In that case, Plaintiff was directed to ice and elevate his foot as needed, and doctors specifically observed no swelling at that time. Thus, the only relevant physician recommendation for leg elevation was a single record from an emergency room admission in January 2019. [Filing No. 8-7, at ECF p. 236.] However, a recommendation for treatment at home is not a statement of workplace abilities, and this sole doctor's one-time suggestion of leg elevation does not indicate whether Plaintiff could perform full-time work with a sit/stand option. Moreover, after this emergency room admission, doctors only observed leg swelling two more times throughout the record. Thus, Plaintiff has not shown that the ALJ erred by failing to incorporate this isolated suggestion into his RFC.

In addition, some evidence Plaintiff cites supports the ALJ's decision. Plaintiff notes he was directed not to sit or stand for long periods of time. The ALJ specifically included this recommendation in Plaintiff's RFC. At most, Plaintiff points to evidence that could have

supported a different conclusion. The substantial evidence standard requires more. The ALJ provided substantial support for her findings, and it is not the Court's role to reweigh the evidence. *See, e.g., Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018) ("When assessing the administrative record, our role is not to reweigh the evidence or substitute our judgment for that of the agency.").

### B.     Assessment of Plaintiff's Subjective Symptoms

Next, Plaintiff claims that the ALJ erred in her assessment of Plaintiff's subjective symptoms. [Filing No. 10, at ECF p. 30.] The regulations describe a two step-process for evaluating a plaintiff's subjective symptoms. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms, such as pain"; and second, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). In evaluating the claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (internal citations omitted). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. [Filing No. 8-2, at ECF p. 22.]

As noted above, the ALJ concluded Plaintiff could perform light work, with additional limitations. However, Plaintiff claims that the ALJ's SSR 16-3p consideration was "utterly

6

lacking" and raises three specific criticisms with the ALJ's analysis. [Filing No. 10, at ECF p. 31.] First, Plaintiff takes issue with the fact that the ALJ noted that Plaintiff had been engaging in part-time work. [Filing No. 10, at ECF p. 32.] However, Plaintiff mischaracterizes the ALJ's decision in this context. The ALJ acknowledged Plaintiff's part-time work at step one when simply noting that it did not rise to the level of substantial gainful activity. [Filing No. 8-2, at ECF p. 18-19.] She then referenced it once more when summarizing Plaintiff's hearing testimony, during which Plaintiff stated he was working six hours per day. [Filing No. 8-2, at ECF p. 21.] Contrary to Plaintiff's argument, nothing in the ALJ's decision suggests that she relied on this part-time work to find Plaintiff capable of performing full-time work.

Next, Plaintiff argues that the ALJ failed to consider Plaintiff's reported side effects of dizziness and drowsiness from his medications. [Filing No. 10, at ECF p. 33.] However, Plaintiff failed to cite to a single medical record in support. The Commissioner acknowledges Plaintiff stated in his application and at the hearing that his medications caused drowsiness and dizziness, but points out that there is no support for these allegations anywhere in the treatment notes. If anything, medical records directly contradicted Plaintiff's testimony. Plaintiff consistently reported no dizziness to his medical providers. [Filing No. 8-7, at ECF p. 58, 227, 279, 295, and 479.]

Finally, Plaintiff claims that the ALJ erred by noting that he still smoked. [Filing No. 10, at ECF p. 33.] However, Plaintiff fails to tie this alleged error to any harm. The ALJ noted twice in the decision that Plaintiff still smoked—once in the summary of Plaintiff's testimony, and again in the summary of the medical records. [Filing No. 8-2, at ECF p. 21-22.] However, the ALJ also noted that one of Plaintiff's severe impairments was chronic obstructive pulmonary disease. [Filing No. 8-2, at ECF p. 19.] Once again, there is no indication that the ALJ drew a

7

negative inference from the fact that Plaintiff continued to smoke. Moreover, Plaintiff does not assert that his COPD prevented him from performing full-time work with the assessed exertional, postural, and environmental restrictions, nor did he take the opportunity to address the Commissioner's arguments with a reply brief. Thus, remand is not warranted on this issue.

### IV. Conclusion

For these reasons, Plaintiff's request for review should be denied. [Filing No. 10.] Any objection to the magistrate judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 5/24/2023

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email