UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARREN E.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00729-MPB-TAB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**ORDER OVERRULING OBJECTION AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Darren E., suffers from problems with his chronic obstructive pulmonary disease ("COPD"), diabetes, and problems with his legs and back, amongst other conditions that he alleges disables him. He applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on October 29, 2019. (Docket No. 8-2 at ECF p. 16). His application was initially denied and eventually made its way to a hearing before an ALJ (*Id.* at 16–26). The ALJ denied his claim, and the Appeals Council denied his request for review. (*Id.* at 2, 26).

Darren E. timely filed this civil action under 42 U.S.C. § 405(g) for review of that decision. (*See* Docket No. 1, Compl.). The Court referred the matter to Magistrate Judge Tim A. Baker on April 5, 2023, pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket No. 15). Following a detailed and thorough opinion by the Magistrate Judge recommending the Court affirm the Commissioner's decision, Darren E. objected on two grounds. He contends the ALJ, and by

---

[1] To protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

extension the Magistrate Judge, failed to include a limitation within the Residual Functional Capacity ("RFC") assessment to elevate his legs, due to leg swelling. Darren E. also argues the ALJ did not provide sufficient analysis in rejecting his subjective symptoms as disabling.

For the reasons that follow, the Court **OVERRULES** Darren E.'s objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the ALJ's Decision.

## I. BACKGROUND[2]

In her decision, the ALJ followed the five-step sequential evaluation in 20 C.F.R. § 416.920(a) and concluded that Darren E. was not disabled. (*Id.* at ECF pp. 15-25). Specifically, the ALJ found that:

- At Step One, Darren E. had not engaged in substantial gainful activity since January 1, 2019, the alleged onset date. (*Id.* at ECF p. 18).

- At Step Two, Darren E. had "the following severe impairments: degenerative disc disease of the lumbar spine, diabetes mellitus, polyneuropathy, chronic obstructive pulmonary disease, and obesity." (*Id.* at ECF p. 19).

- At Step Three, Darren E. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*).

- After Step Three but before Step Four, Darren E. had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant must be allowed to alternate positions between sitting and standing at 30-minute intervals. The claimant can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. The claimant can occasionally balance on level surfaces. The claimant can occasionally stoop, kneel, crouch, or crawl. The claimant must avoid concentrated exposure to fumes, odors, dust, and gases." (*Id.* at ECF p. 20).

- At Step Four, Darren E. was unable to perform any past relevant work. (*Id.* at ECF p. 23).

- At Step Five, considering Darren E.'s "age [51 years old as of alleged onset date], education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" including assembler, inspector, and packager. (*Id.* at ECF pp. 24–25).

---

[2] The Court relies on the Report and Recommendation's factual background, (Docket No. 16 at ECF pp. 2–3), which Darren E. does not object to. Additional evidence is discussed, as needed.

## II.  APPLICABLE LAW

"The Federal Magistrate Act grants a district court judge the authority to refer a magistrate judge to conduct hearings and submit proposed findings of facts and recommendations." *Jackson v. United States*, 859 F.3d 495, 498 (7th Cir. 2017) (citing 28 U.S.C. § 636(b)(1)(B)). Pursuant to Federal Rule of Civil Procedure 72, if a party objects to a magistrate judge's recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts." *Id.* at 217. First, it requires an inability to engage in any substantial gainful activity. *Id.* And second, it requires a physical or mental impairment that explains the inability and "has lasted or can be expected to last . . . not less than 12 months." *Id.*

When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. See *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ must also "not dismiss a line of evidence contrary to [their] ruling," and instead discuss why that evidence is not persuasive. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In evaluating the evidence, the Court gives the ALJ's subjective symptom analysis "considerable deference," overturning the decision only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 416.920(a)(4)(i)-(v), evaluating in sequence:

> (1) [W]hether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2008) (quoting *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995) (second and third alterations in original) (citation omitted)). "If a claimant satisfies steps one, two, and three, []he will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight*, 55 F.3d at 313.

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano*, 556 F.3d at 563. In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(e), (g). The burden of proof is on the claimant for Steps One through Four but shifts to the Commissioner at Step Five. *See Clifford*, 227 F.3d at 868.

When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically appropriate. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved

and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

### III. ANALYSIS

Darren E. makes two arguments: (1) that the ALJ failed to consider additional impairments, specifically that he requires leg elevation, in her RFC determination, and (2) that the ALJ erred in her analysis of his subjective symptoms. The Court addresses each argument in turn.

**A. Elevation of Legs**

Darren E. argues that the ALJ erred in failing to account for additional impacts on his RFC stemming from his need for leg elevation during the day. (Docket No. 17 at ECF p. 3). He notes that an ALJ may not discuss only the evidence that supports her findings, while omitting evidence to the contrary. (*Id.*) The Commissioner's reply merely rests on her arguments in the initial briefing. (Docket No. 18 at ECF pp. 1–2).

The Magistrate Judge found that substantial evidence supported the ALJ's determination that Plaintiff had the RFC to perform a limited range of light work with additional restrictions, including an ability to alternate between sitting and standing throughout the day. (Docket No. 16 at ECF p. 4). As the Magistrate Judge discussed, the ALJ acknowledged Plaintiff's complaints of chronic leg pain that required him to leave work early and take breaks throughout the day. (*Id.* citing Docket No. 8-2 at ECF p. 2). Moreover, the Magistrate Judge noted that neither examining nor reviewing physicians assessed limitations greater than those imposed by the ALJ. And, further, Plaintiff did not challenge the ALJ's evaluation of those findings in her initial brief. The Seventh Circuit has held that "[w]hen no doctor's opinion indicates greater limitation than those found by the ALJ, there is no error." *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019)

5

(citing *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)); *See also Suzanne S. v. Saul*, 1:19-cv-1365-MJD-JPH, 2019 WL 6711497, at *5 (S.D. Ind. Dec. 10, 2019) (holding the ALJ did not commit reversible error in assessment of the claimant's RFC based on allegations of fatigue where no medical source opined greater limitation than the ALJ credited in her RFC finding).

The Court agrees with the Magistrate Judge that the ALJ's RFC conclusion is supported by substantial evidence. Here, physician Dr. Kurt Jacobs examined Darren E. and determined that he was capable of standing and walking for up to six hours and sitting for the majority of the day. (Docket No. 8-7 at ECF No. 488). Further, Dr. Jacobs stated that he could occasionally lift and carry up to twenty pounds. (*Id.*) State agency doctors, Dr. J.V. Corcoran and Dr. Shayne Smith, reviewed Darren E.'s medical records and determined that he was limited to sitting, standing, or walking for up to six hours per eight-hour workday. (Docket No. 8-3 at ECF pp. 7, 9). The ALJ found these opinions persuasive, (Docket No. 8-2 at ECF p. 23), Darren E. does not challenge the basis for these opinions or the ALJ's reliance on them, and Darren E. cites no physician's opinions in opposition to these assessments. The ALJ's RFC determination, including that Darren E. required a position change between sitting and standing every 30 minutes, assessed greater limitation than any physician's opinion in the record.

Additional evidence further supports the ALJ's RFC determination. Objective medical evidence showed normal gait and posture, (Docket No. 8-7 at ECF p. 487), normal leg strength with a reduction in lumbar range of motion but without atrophy, (Docket No. 8-7 at ECF p. 552), and stable, mild degenerative changes to the lumbar spine, (Docket No. 8-8 at ECF p. 78). The ALJ also noted that Darren E. complained of chronic leg pain requiring breaks throughout the day. (Docket No. 8-2 at ECF p. 21). Together, this constitutes substantial evidence supporting the ALJ's determination that Darren E. was capable of light work with a position change every

thirty minutes. Moreover, Darren E.'s claim that the ALJ cherry-picked evidence supporting her determination fails. He points to three references for leg elevation in the record. The August 2018 note was four months prior to Darren E.'s alleged onset date. (Docket No. 8-7 at ECF p. 9). Another was related to complaints of foot pain, not swelling. (Docket No. 8-7 at ECF p. 298). In fact, the doctors specifically reported no swelling during that visit. (*Id.*). Finally, a January 2019, emergency room admission did result in a physician recommendation for leg elevation. (*Id.* at ECF p. 236) ("The patient is encouraged to elevate his lower extremities[.]"). But, as the Magistrate Judge explained, this single recommendation for at home treatment does not translate into a leg elevation requirement at work.

Darren E. points to no evidence of any additional limitations that were supposedly ignored and cites no medical source opinions that the ALJ failed to consider. Thus, for the reasons explained above, the Court finds that the ALJ committed no error of law and her RFC determination was supported by substantial evidence. Remand is not warranted on this issue.

**B. Subjective Symptom Analysis**

Darren E. next argues that the Magistrate Judge erred in review of the subjective symptom analysis because he wrongly required Plaintiff to show harm for the ALJ's failure to properly evaluate his purported medication side effects, his smoking, and his part-time work. (Docket No. 17 at ECF p. 4). Darren E. claims that it is the responsibility of the ALJ to make an RFC determination and that he does not have the burden to show harm resulting from her analysis. (*Id.*). The Commissioner did not respond to Darren E.'s objections besides referencing her initial response brief. (Docket No. 18 at ECF pp. 1–2).

The regulations describe a two-step process for evaluating a plaintiff's subjective symptoms. First, the ALJ "must consider whether there is an underlying medically determinable

physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms, such as pain"; and second, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). With regard to the second step, the ALJ should "carefully consider other evidence in the record" and the factors set forth in 20 C.F.R. § 416.929(c)(3). *Id.* These factors include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) the factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; and (5) treatment and measures, other than medication, an individual has received or taken for relief of pain or other symptoms. *Id.* The ALJ need discuss only the factors "pertinent to the evidence of record." *Id.* at *8. An ALJ's credibility determination is not patently wrong if it cites to specific reasons in the record. *Burmester v. Berryhill*, 920 F.3d 507, 510-511 (7th Cir. 2019); *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018); *Alvarado v. Colvin*, 836 F.3d 744, 749 (7th Cir. 2016) (A credibility determination "tied to evidence in the record" may not be disturbed as patently wrong.).

  With respect to the part-time work, the Magistrate Judge said that Darren E. mischaracterized the ALJ's decision by arguing that the ALJ wrongly inferred that his part-time work was indicative of his ability to maintain full-time employment. (Docket No. 16 at ECF p. 7 citing Docket No. 10 at ECF p. 32). Instead, the Magistrate Judge indicated that the ALJ merely acknowledged Plaintiff's part-time employment at both step one and in summarizing Darren E.'s hearing testimony. The Magistrate Judge concluded that nothing in the ALJ's decision suggests that the ALJ relied on this part-time work to find Plaintiff capable of performing full-time work.

Second, the Magistrate Judge said that the medical records, which consistently indicated no dizziness, completely contradicted Darren E.'s application and hearing testimony that his medication caused drowsiness and dizziness. (Docket No. 16 at ECF p. 7). Finally, with regards to Darren E.'s smoking, the Magistrate Judge acknowledged that the ALJ noted twice in the decision that Plaintiff still smoked, but there was no indication that the ALJ drew a negative inference from that fact, thus remand was not warranted.

The ALJ does not improperly draw a conclusion about Darren E.'s ability to work based on part-time employment. The ALJ made two references to Darren E.'s ability to work. First, the ALJ acknowledged, when determining whether Darren E. had engaged in substantial gainful activity during the relevant period, that Darren E. "continued to work steadily since alleging disability although earnings have been under the level of [SGA]." (Docket No. 8-2 at ECF pp. 18–19). Second, the ALJ recounted Darren E.'s hearing testimony including that he "conceded that he was working six hours per day."[3] (*Id.* at ECF p. 21 citing Docket No. 8-6 at ECF p. 38). In no way can the ALJ's accurate recitation of Darren E.'s own testimony be construed as the ALJ equating his part-time work to his ability to maintain full time work. The Court agrees with the Magistrate Judge's assessment: Darren E. "mischaracterizes the ALJ's decision in this context." (Docket No. 16 at ECF p. 7).

With regards to Darren E.'s purported side effects, while SSR 16-3p identifies medications, including side effects, as a factor in evaluating the intensity, persistence, and limiting effects of an individual's symptoms, an "ALJ is not required to make specific findings concerning the side effects of prescription drugs on the claimant's ability to work." *Herron v.*

---

[3] Specifically, Darren E. stated, with regards to his daily activities: "Not a lot of activity other than dressing, shower, I do work part time 4 days and only 6 hours per day. . ." (Docket No. 8-6 at ECF p. 38).

9

*Shalala*, 19 F.3d 329, 335 (7th Cir. 1994) (citing *Nelson v. Secretary of Health and Human Services*, 770 F.2d 682, 685 (7th Cir. 1985)). "Instead, such an argument will be interpreted as asserting that the ALJ's decision is not supported by substantial evidence." *Id.* Here, the ALJ did not specifically address Darren E.'s testimony (*see* Docket No. 8-2 at ECF p. 38) or Disability Reports (*see* Docket No. 8-7 at ECF pp. 441, 447) that some of his medications could cause dizziness and/or drowsiness. But, this testimony was the only evidence of any side effects in the record. In fact, on at least two occasions, April 18, 2019, and July 23, 2019, Darren E.'s medical providers indicated that he was taking his medications as prescribed and "[did] not have any concerns for adverse effects." (Docket No. 8-7 at ECF p. 441, 447). On this record, the Court is unpersuaded that the ALJ's lack of discussion regarding side effects has resulted in a subjective symptom analysis that is not supported by substantial evidence.

      Finally, the ALJ noted twice in the decision that Plaintiff still smoked—once in the summary of Plaintiff's testimony, and again in the summary of the medical records. (Docket No. 8-2 at ECF pp. 21–22) ("The claimant alleged disability for breathing issues, although he conceded he continued to smoke a pack of cigarettes a day;" and "The claimant was given oxygen for use at night, as needed, in November of 2020, but continued to smoke tobacco."). On the other hand, the ALJ also noted that one of Darren E.'s severe impairments was chronic obstructive pulmonary disorder. Like Darren E.'s part-time work history, there is no indication that the ALJ drew a negative inference from the fact that Darren E. continued to smoke. And neither Darren E.'s initial brief, nor his objection asserts that his COPD prevents him from performing full-time work with the exertional, postural, and environmental restrictions assessed in the ALJ's RFC. Nor did Darren E. address the Commissioner's argument or the Magistrate Judge's report and recommendation identifying this shortcoming in Darren E.'s argument.

Here, at step one, the ALJ found that Darren E.'s "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Docket No. 8-2 at ECF p. 22). However, the ALJ continued, that Darren E.'s "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*). The ALJ provided sufficient discussion to support this step two finding. For instance, the ALJ accurately recounted Darren E.'s medical finding history, treatment history, and his activities of daily living. (*See* Docket No. 8-2 at ECF p. 21–22). Darren E.'s argument is that the ALJ failed to properly confront his work history, side effects, and continued smoking. But Darren E. makes no argument that this evidence contradicted the ALJ's ultimate RFC determination. Thus, Darren E.'s argument, at most, is a pro forma error in addressing these issues and, for the reasons explained herein, this Court can predict with confidence the result of any remand would be the same, and accordingly, to the extent the ALJ did error, any error would be harmless. The Court "will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result." *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 503 (7th Cir. 2021)). In *Wilder*, the Seventh Circuit found that because the claimant had "not explained how the ALJ would have reached a different conclusion as to her residual functional capacity, even [had he not erred,] any error was harmless." *Id.*

The Court concludes that the ALJ's SSR 16-3p credibility assessment is tied to substantial evidence in the record and is not patently wrong, thus the Court will not disturb that assessment. *See Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015).

## IV. CONCLUSION

For these reasons, the Court **OVERRULES** Darren E.'s objection to the Magistrate Judge's Report and Recommendation, (Docket No. 17), **ADOPTS** the Report and Recommendation, (Docket No. 16), and **AFFIRMS** the ALJ's Decision. Final judgment shall issue by a separate entry.

**SO ORDERED.**

Dated: 8/11/2023

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.